**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2620
_____

ESTER NOEMY VILLALTA-PORTILLO, G.E.R.-V.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Nos. A220-384-285, A220-384-286)
Immigration Judge: Laura Pierro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 12, 2025

Before: CHAGARES, *Chief Judge*, PORTER, and AMBRO, *Circuit Judges*.

(Filed: June 20, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Ester Noemy Villalta-Portillo and her minor son ("Petitioners"), both citizens of El Salvador, petition for review of a Board of Immigration Appeals ("BIA") order denying their motion to reopen removal proceedings. For the reasons below, we will deny the petition in part and dismiss the petition in part.

I

In August 2021, Petitioners entered the United States unlawfully. That December, they applied for asylum and withholding of removal. In later filings, they additionally sought protection under the Convention Against Torture.

An Immigration Judge denied Petitioners' application and ordered that they be removed to El Salvador. On April 10, 2024, the BIA affirmed the Immigration Judge's order.

More than ninety days later, Petitioners moved to reopen their BIA proceeding. The BIA denied that motion as untimely because it was filed after the ninety-day window to do so. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Petitioners argued that their motion should nevertheless be reopened based on two exceptions to the ninety-day filing window: (1) the ineffective assistance of their former counsel and (2) a change in country conditions. The BIA rejected both arguments and also declined Petitioners' request to sua sponte reopen the proceeding. This petition followed.[1]

---

[1] The BIA had jurisdiction over the motion to reopen under 8 C.F.R. § 1003.2. We have jurisdiction over the petition for review under 8 U.S.C. § 1252(a).

II

A[2]

In their petition for review, Petitioners once again argue that reopening was warranted due to a change in country conditions. The time limitation for filing motions to reopen does not apply to motions seeking reopening "based on changed country conditions arising in the country of nationality" and supported by material evidence that was not available during the previous removal proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). But Petitioners have not presented any such evidence warranting reopening.

Petitioners claim to have "[n]ew evidence regarding country conditions" that "show[s] that MS-13 gang members have become more dangerous, aggressive and unhinged," and "have been involved in killing babies and young children." Pet'rs Br. at 7 (citing Administrative Record ("A.R.") at 49–50). But, as the BIA found, all but one of the articles predated the Petitioners' December 5, 2023 hearing and therefore could have been discovered and presented at the previous proceeding. *See* A.R. 4; 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). The single article postdating the BIA's removal decision does not support the claim that there has been a change in El Salvador's conditions since December 2023. The article quotes Salvadoran President Nayib Bukele

---

[2] Motions to reopen are "especially disfavored." *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021). "As a general rule, motions to reopen are granted only under compelling circumstances." *Id.* (quoting *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004)). We review the BIA's denial of a motion to reopen for abuse of discretion "and will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law." *Id.*

describing MS-13's violent conduct, but notes it to be an ongoing problem since at least 2017. A.R. 48–49. Accordingly, the BIA did not err in determining that country conditions had not changed.[3]

## B

Petitioners also challenge the BIA's refusal to reopen the matter sua sponte. Because such decisions are discretionary and "functionally unreviewable," we generally lack jurisdiction to review them. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017). We have jurisdiction only where the BIA's decision was based on an incorrect legal premise or departed from a settled practice. *Id.* at 651–52.

Petitioners submit that "exceptional circumstances" warrant sua sponte reopening. They assert that their previous attorney should have provided additional documentation to support their positions and that the Immigration Judge failed to sufficiently develop the record at their proceedings. Pet'rs Br. at 14–15. But Petitioners fail to raise a recognized exception to the jurisdictional bar to reviewing the denial of a motion to reopen sua sponte. The BIA did not rely on an incorrect legal premise and did not depart from a settled course

---

[3] Petitioners forfeited any argument that the BIA abused its discretion in denying their motion to reopen for failure to comply with the procedural requirements in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), because they do not address it in their opening brief. *See Khan v. Att'y Gen.*, 691 F.3d 488, 495 n.4 (3d Cir. 2012).

4

of adjudication in its handling of the case. Therefore, we lack jurisdiction to review the BIA's decision.

*     *     *

Accordingly, we will dismiss the petition with respect to the motion for sua sponte reopening and deny the petition in all other respects.

5